copper reflector" and which was classified as an entirety under the provision for illuminating glass articles in paragraph 228(c) of the Tariff Act of 1930, as modified, with a duty assessment at the rate of 30 per centum ad valorem.

At the time of trial, counsel for the respective parties entered into a stipulation of submission, establishing that the item in question consists of two separate entities, that both are household utensils, that the metal reflector is in chief value of steel, and that "the balance of the item, which is the chimney and the bottom portion" is in chief value of brass.

On the agreed facts, we hold the articles in question, as hereinabove identified, to be properly classifiable as household utensils; the metal reflector at the rate of 20 per centum ad valorem under paragraph 339, as modified by T.D. 52373, supplemented by T.D. 52476, as a household utensil in chief value of steel, the value thereof being 60 cents each; and the balance of the merchandise at the rate of 15 per centum ad valorem under paragraph 339, as modified by T.D. 51802, supplemented by T.D. 51909, as a household utensil in chief value of brass, as claimed by plaintiff.

To the extent indicated, the protest is sustained and judgment will be rendered accordingly.

No. 63759.—Pez-Haas, Inc. v. United States, protests 59/14663 and 59/18853 (San Francisco).

Opinion by OLIVER, C. J.  In accordance with stipulation of counsel that the merchandise consists of plastic candy dispensers in chief value of polystyrene, not articles in chief value of cellulose acetate, the claim of the plaintiff was sustained.

No. 63760.—Electric & Musical Industries (U.S.), Ltd. v. United States, protests 58/4065, 317413–K, and 59/1028 (New York).

Opinion by OLIVER, C. J.  In accordance with stipulation of counsel that the merchandise consists of recording tapes similar in all material respects to those the subject of Electric & Musical Industries (US), Ltd. v. United States (42 Cust. Ct. 87, C.D. 2070), the claim of the plaintiff was sustained.

No. 63761.—Electric & Musical Ind. (US), Ltd., et al. v. United States, protests 58/16641, etc. (New York).

Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the merchandise consists of recording tapes similar in all material respects to those the subject of *Electric & Musical Industries (US), Ltd.* v. *United States* (42 Cust. Ct. 87, C.D. 2070), the claim of the plaintiffs was sustained.

No. 63762.—Criterion Bead & Novelty Corp. et al. *v.* United States, protests 59/14281(B), etc. (New York, Los Angeles, and Cleveland).

Opinion by OLIVER, C. J.   The protests were dismissed.

No. 63763.—Miya Co., Inc. *v.* United States, protests 58/20360, 58/23877, and 58/24651 (New York).

Opinion by MOLLISON, J.   In accordance with stipulation of counsel that the merchandise consists of Shoji panels similar in all material respects to those the subject of *United Enterprises et al.* v. *United States* (41 Cust. Ct. 73, C.D. 2023), the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, FEBRUARY 1, 1960

No. 63764.—W. A. Taylor & Co. *v.* United States, protest 181749–K/14060 (New Orleans).

Opinion by JOHNSON, J.   In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiff was sustained.

No. 63765.—Old Rose Distributing Company, Inc. *v.* United States, protest 261904–K/7000 (Chicago).